UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KERNS MANUFACTURING CORP. and                                    Docket No.
PREMIER ATLANTIC PROPERTIES, LLC,                                14-cv-06105(ENV)(CLP)

                                          Plaintiffs,

                        -against-

THE HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

                                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant THE HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Defendant"), by and through its attorneys, Rivkin Radler LLP, respectfully submits the following, upon information and belief, as and for its Answer to the First Amended Complaint ("Amended Complaint") of Plaintiffs KERNS MANUFACTURING CORP. and PREMIER ATLANTIC PROPERTIES, LLC (collectively, "Plaintiffs"), dated December 26, 2014:

1.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1" of Plaintiffs' Amended Complaint.

2.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2" of Plaintiffs' Amended Complaint.

3.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of Plaintiffs' Amended Complaint.

4.      Defendant denies each and every allegation contained in paragraph "4" of Plaintiffs' Amended Complaint, except admits that Defendant is authorized to conduct the business of insurance in the State of New York.

1

5.      Paragraph "5" of Plaintiffs' Amended Complaint states legal conclusions to which no response is required.  Defendant respectfully refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of Plaintiffs' Amended Complaint.

6.      Paragraph "6" of Plaintiffs' Amended Complaint states legal conclusions to which no response is required.  Defendant respectfully refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "6" of Plaintiffs' Amended Complaint.

7.      Defendant denies each and every allegation contained in paragraph "7" of Plaintiffs' Amended Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of Plaintiffs' Amended Complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of Plaintiffs' Amended Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of Plaintiffs' Amended Complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of Plaintiffs' Amended Complaint.

12.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of Plaintiffs' Amended Complaint.

13.     Defendant denies each and every allegation contained in paragraph "13" of Plaintiffs' Amended Complaint.

14.     Defendant denies each and every allegation contained in paragraph "14" of Plaintiffs' Amended Complaint, except admits that Defendant issued a policy of insurance to Plaintiffs.  Defendant respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

15.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of Plaintiffs' Amended Complaint, except admits that Defendant received certain premiums for the policy.

16.     Defendant denies each and every allegation contained in paragraph "16" of Plaintiffs' Amended Complaint, except admits that Defendant issued a policy of insurance to Plaintiffs.  Defendant respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

17.     Defendant denies each and every allegation contained in paragraph "17" of Plaintiffs' Amended Complaint, except admits that Defendant issued a policy of insurance to Plaintiffs.  Defendant respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

18.     Defendant denies each and every allegation contained in paragraph "18" of Plaintiffs' Amended Complaint and respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

19.     Defendant denies each and every allegation contained in paragraph "19" of Plaintiffs' Amended Complaint, except admits that Plaintiffs notified Defendant of certain alleged losses.

20.     Defendant denies each and every allegation contained in paragraph "20" of Plaintiffs' Amended Complaint.

21.     Defendant denies each and every allegation contained in paragraph "21" of Plaintiffs' Amended Complaint, except admits that Plaintiffs submitted certain documentation to Defendant.

22.     Defendant denies each and every allegation contained in paragraph "22" of Plaintiffs' Amended Complaint.

23.     Defendant denies each and every allegation contained in paragraph "23" of Plaintiffs' Amended Complaint, except admits that Defendant issued certain payments to Plaintiffs.

24.     Defendant denies each and every allegation contained in paragraph "24" and the sub-paragraphs thereto of Plaintiffs' Amended Complaint, except admits that Plaintiffs notified Defendant of certain alleged losses.

25.     Defendant denies each and every allegation contained in paragraph "25" of Plaintiffs' Amended Complaint.

26.     Defendant denies each and every allegation contained in paragraph "26" of Plaintiffs' Amended Complaint.

27.     Defendant denies each and every allegation contained in paragraph "27" of Plaintiffs' Amended Complaint.

28.     Defendant denies each and every allegation contained in paragraph "28" and the sub-paragraphs thereto of Plaintiffs' Amended Complaint.

29.     Defendant denies each and every allegation contained in paragraph "29" of Plaintiffs' Amended Complaint.

**AS AND FOR AN ANSWER TO
A FIRST CAUSE OF ACTION
<u>FOR BREACH OF CONTRACT</u>**

30.     Defendant denies each and every allegation contained in paragraph "30" of Plaintiffs' Amended Complaint, except admits that Defendant issued a policy of insurance to Plaintiffs.   Defendant respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

31.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of Plaintiffs' Amended Complaint, except admits that Defendant received certain premiums for the policy.

32.     Defendant denies each and every allegation contained in paragraph "32" of Plaintiffs' Amended Complaint, except admits that Defendant issued a policy of insurance to Plaintiffs.   Defendant respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

33.     Defendant denies each and every allegation contained in paragraph "33" of Plaintiffs' Amended Complaint, except admits that Defendant issued a policy of insurance to Plaintiffs.   Defendant respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

34.     Defendant denies each and every allegation contained in paragraph "34" of Plaintiffs' Amended Complaint and respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

35.     Defendant denies each and every allegation contained in paragraph "35" of Plaintiffs' Amended Complaint, except admits that Plaintiffs notified Defendant of certain alleged losses.

36.     Defendant denies each and every allegation contained in paragraph "36" of Plaintiffs' Amended Complaint.

37.     Defendant denies each and every allegation contained in paragraph "37" of Plaintiffs' Amended Complaint, except admits that Plaintiffs submitted certain documentation to Defendant.

38.     Defendant denies each and every allegation contained in paragraph "38" of Plaintiffs' Amended Complaint and respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

39.     Defendant denies each and every allegation contained in paragraph "39" of Plaintiffs' Amended Complaint.

40.     Defendant denies each and every allegation contained in paragraph "40" and the sub-paragraphs thereto of Plaintiffs' Amended Complaint, except admits that Plaintiffs notified Defendant of certain alleged losses.

41.     Defendant denies each and every allegation contained in paragraph "41" of Plaintiffs' Amended Complaint.

42.      Defendant denies each and every allegation contained in paragraph "42" of Plaintiffs' Amended Complaint.

43.     Defendant denies each and every allegation contained in paragraph "43" of Plaintiffs' Amended Complaint, except admits that Defendant issued certain payments to Plaintiffs.

44.     Defendant denies each and every allegation contained in paragraph "44" of Plaintiffs' Amended Complaint.

45.     Paragraph "45" of Plaintiffs' Amended Complaint states legal conclusions to

which no response is required.  Defendant respectfully refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies each and every allegation contained in paragraph "45" of Plaintiffs' Amended Complaint.

46.     Defendant denies each and every allegation contained in paragraph "46" and the sub-paragraphs thereto of Plaintiffs' Amended Complaint.

47.     Defendant denies each and every allegation contained in paragraph "47" of Plaintiffs' Amended Complaint.

**AS AND FOR AN ANSWER TO
A SECOND CAUSE OF ACTION
FOR PRIVATE NUISANCE**

48.     Defendant denies each and every allegation contained in paragraph "48" of Plaintiffs' Amended Complaint.

49.     Paragraph "49" of Plaintiffs' Amended Complaint states legal conclusions to which no response is required.  Defendant respectfully refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies each and every allegation contained in paragraph "49" of Plaintiffs' Amended Complaint.

50.     Defendant denies each and every allegation contained in paragraph "50" of Plaintiffs' Amended Complaint.

51.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "51" of Plaintiffs' Amended Complaint.

52.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "52" of Plaintiffs' Amended Complaint.

53.     Defendant denies each and every allegation contained in paragraph "53" of Plaintiffs' Amended Complaint, except admits that Defendant issued a policy of insurance to

Plaintiffs. Defendant respectfully refers to the policy for its precise terms, conditions, endorsements, exclusions, and limitations.

54. Defendant denies each and every allegation contained in paragraph "54" of Plaintiffs' Amended Complaint, except admits that Defendant received certain premiums for the policy.

55. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "55" of Plaintiffs' Amended Complaint.

56. Defendant denies each and every allegation contained in paragraph "56" of Plaintiffs' Amended Complaint, except admits that Defendant received certain premiums for the policy.

57. Defendant denies each and every allegation contained in paragraph "57" of Plaintiffs' Amended Complaint.

58. Defendant denies each and every allegation contained in paragraph "58" of Plaintiffs' Amended Complaint.

59. Defendant denies each and every allegation contained in paragraph "59" and the sub-paragraphs thereto of Plaintiffs' Amended Complaint.

60. Defendant denies each and every allegation contained in paragraph "60" of Plaintiffs' Amended Complaint.

61. Defendant denies each and every allegation contained in paragraph "61" of Plaintiffs' Amended Complaint.

62. Defendant denies each and every allegation contained in paragraph "62" of Plaintiffs' Amended Complaint.

63.     Defendant denies each and every allegation contained in paragraph "63" of Plaintiffs' Amended Complaint.

64.     Defendant denies each and every allegation contained in paragraph "64" of Plaintiffs' Amended Complaint.

65.     Defendant denies each and every allegation contained in paragraph "65" of Plaintiffs' Amended Complaint.

66.     Defendant denies each and every allegation contained in paragraph "66" of Plaintiffs' Amended Complaint.

67.     Defendant denies each and every allegation contained in paragraph "67" of Plaintiffs' Amended Complaint.

68.     Defendant denies each and every allegation contained in paragraph "68" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

69.     Defendant denies each and every allegation contained in paragraph "69" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

70.     Defendant denies each and every allegation contained in paragraph "70" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

71.     Defendant denies each and every allegation contained in paragraph "71" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

72.     Defendant denies each and every allegation contained in paragraph "72" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

73.     Defendant denies each and every allegation contained in paragraph "73" of Plaintiffs' Amended Complaint.

74.     Defendant denies each and every allegation contained in paragraph "74" of Plaintiffs' Amended Complaint.

**AS AND FOR AN ANSWER TO**
**A THIRD CAUSE OF ACTION**
**FOR PUBLIC NUISANCE**

75.     Defendant denies each and every allegation contained in paragraph "75" of Plaintiffs' Amended Complaint.

76.     Paragraph "76" of Plaintiffs' Amended Complaint states legal conclusions to which no response is required.  Defendant respectfully refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies each and every allegation contained in paragraph "76" of Plaintiffs' Amended Complaint.

77.     Defendant denies each and every allegation contained in paragraph "77" of Plaintiffs' Amended Complaint.

78.     Defendant denies each and every allegation contained in paragraph "78" of Plaintiffs' Amended Complaint.

79.     Defendant denies each and every allegation contained in paragraph "79" of Plaintiffs' Amended Complaint.

80.     Defendant denies each and every allegation contained in paragraph "80" of Plaintiffs' Amended Complaint.

81.     Defendant denies each and every allegation contained in paragraph "81" of Plaintiffs' Amended Complaint.

82.     Defendant denies each and every allegation contained in paragraph "82" of Plaintiffs' Amended Complaint.

83.     Paragraph "83" of Plaintiffs' Amended Complaint states legal conclusions to which no response is required.  Defendant respectfully refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies each and every allegation contained in paragraph "83" of Plaintiffs' Amended Complaint.

84.     Defendant denies each and every allegation contained in paragraph "84" and the sub-paragraphs thereto of Plaintiffs' Amended Complaint.

85.     Defendant denies each and every allegation contained in paragraph "85" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

86.     Defendant denies each and every allegation contained in paragraph "86" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

87.     Defendant denies each and every allegation contained in paragraph "87" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

88.     Defendant denies each and every allegation contained in paragraph "88" of Plaintiffs' Amended Complaint and respectfully refers all questions of law to this Honorable Court.

89.     Defendant denies each and every allegation contained in paragraph "89" of

Plaintiffs' Amended Complaint.

90.    Defendant denies each and every allegation contained in paragraph "90" of Plaintiffs' Amended Complaint.

91.    Defendant denies each and every allegation contained in paragraph "91" of Plaintiffs' Amended Complaint.

92.    Defendant denies each and every allegation contained in paragraph "92" of Plaintiffs' Amended Complaint.

93.    Defendant denies each and every allegation contained in paragraph "93" of Plaintiffs' Amended Complaint.

94.    Defendant denies each and every allegation contained in paragraph "94" of Plaintiffs' Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

95.    Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

96.    Plaintiffs are barred from recovery, in whole or in part, to the extent that the following policy provisions exclude coverage:

### PROPERTY CHOICE COVERAGE FORM
### (PROPERTY)

### A.  COVERAGE

We will pay for direct physical loss of or direct physical damage to the following types of Covered Property caused by or resulting from a Covered Cause of Loss. Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.** Covered Property for which a Limit of Insurance and a premises address is shown in the Property Choice - Schedule of Premises and Coverages.

12

. . .

**PROPERTY CHOICE – COVERED CAUSES OF LOSS AND EXCLUSIONS FORM**

**COVERED CAUSES OF LOSS**

Covered Causes of Loss means direct physical loss or direct physical damage that occurs during the Policy Period and in the Coverage Territory unless the loss or damage is excluded in the GENERAL EXCLUSIONS or the SPECIFIC EXCLUSIONS or as provided in the Additional Coverage – Equipment Breakdown or by endorsement.

**A.  GENERAL EXCLUSIONS**

We will not pay for loss or damage caused by, resulting from, or arising out of any acts, errors, or omissions by you or others in any of the following activities, regardless of any other cause or event that contributes concurrently, or in any sequence to the loss or damage:
. . .

**3.** Any of the following performed to or for any part of land, buildings, roads, water or gas mains, sewers, drainage ditches, levees, dams, other structures or facilities, or to or for any Covered Property:

**a.** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; or

**b.** Furnishing of work, materials, parts or equipment in connection with the design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction; or

**4.** Maintenance.

But if a maintenance loss results in a Covered Cause of Loss to Covered Property, we will only pay for the ensuing covered loss or ensuing covered damage caused by that Covered Cause of Loss.

13

97. The losses alleged by Plaintiffs in the Amended Complaint fall within one or more of the policy exclusions enumerated above and Defendant has no liability to Plaintiffs.

**<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>**

98. Plaintiffs are barred from recovery, in whole or in part, to the extent that the following policy provisions exclude coverage:

**PROPERTY CHOICE COVERAGE FORM**

**A.  COVERAGE**

We will pay for direct physical loss of or direct physical damage to the following types of Covered Property caused by or resulting from a Covered Cause of Loss. Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.** Covered Property for which a Limit of Insurance and a premises address is shown in the Property Choice - Schedule of Premises and Coverages.
. . .

**PROPERTY CHOICE – COVERED CAUSES OF LOSS AND EXCLUSIONS FORM**

**COVERED CAUSES OF LOSS**

Covered Causes of Loss means direct physical loss or direct physical damage that occurs during the Policy Period and in the Coverage Territory unless the loss or damage is excluded in the GENERAL EXCLUSIONS or the SPECIFIC EXCLUSIONS or as provided in the Additional Coverage – Equipment Breakdown or by endorsement.
. . .

**B.  SPECIFIC EXCLUSIONS**
. . .

**20. Settling, Cracking to Buildings or Structures**

> **a.** We will not pay for loss or damage caused by, resulting from, or arising out of settling, cracking, shrinking or expansion of buildings or structures, bridges, roadways, walks, patios or concrete or paved surfaces.

14

       **b.** If direct physical loss or direct physical damage by a Covered Cause of Loss ensures to Covered Property, we will pay only for such ensuing loss or damage.

99.    The losses alleged by Plaintiffs in the Amended Complaint fall within one or more of the policy exclusions enumerated above and Defendant has no liability to Plaintiffs.

<u>**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**</u>

100.    Plaintiffs are barred from recovery, in whole or in part, to the extent that the following policy provisions exclude coverage:

**PROPERTY CHOICE COVERAGE FORM**

**A.  COVERAGE**

We will pay for direct physical loss of or direct physical damage to the following types of Covered Property caused by or resulting from a Covered Cause of Loss. Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.** Covered Property for which a Limit of Insurance and a premises address is shown in the Property Choice - Schedule of Premises and Coverages.
. . .

**PROPERTY CHOICE – COVERED CAUSES OF LOSS AND EXCLUSIONS FORM**

**COVERED CAUSES OF LOSS**

Covered Causes of Loss means direct physical loss or direct physical damage that occurs during the Policy Period and in the Coverage Territory unless the loss or damage is excluded in the GENERAL EXCLUSIONS or the SPECIFIC EXCLUSIONS or as provided in the Additional Coverage – Equipment Breakdown or by endorsement.
. . .

### B. SPECIFIC EXCLUSIONS

#### 29. Workmanship

a. We will not pay for the cost of correcting defects in Covered Property, or loss or damage to Covered Property that was caused by, resulting from, or arising out of work done on Covered Property by you, your employees, or others working on your behalf.

b. If direct physical loss or direct physical damage by a "Specified Cause of Loss" ensues to Covered Property or Equipment Breakdown Accident ensues to Equipment Breakdown Equipment, we will pay only for such ensuing loss or damage.

101.    The losses alleged by Plaintiffs in the Amended Complaint fall within one or more of the policy exclusions enumerated above and Defendant has no liability to Plaintiffs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

102.    Plaintiffs are barred from recovery, in whole or in part, to the extent that the following policy provisions exclude coverage:

### PROPERTY CHOICE COVERAGE FORM

### A.  COVERAGE

We will pay for direct physical loss of or direct physical damage to the following types of Covered Property caused by or resulting from a Covered Cause of Loss. Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.** Covered Property for which a Limit of Insurance and a premises address is shown in the Property Choice - Schedule of Premises and Coverages.
. . .

### PROPERTY CHOICE – COVERED CAUSES OF LOSS AND EXCLUSIONS FORM

### COVERED CAUSES OF LOSS

Covered Causes of Loss means direct physical loss or direct physical damage that occurs during the Policy Period and in the

16

Coverage Territory unless the loss or damage is excluded in the GENERAL EXCLUSIONS or the SPECIFIC EXCLUSIONS or as provided in the Additional Coverage – Equipment Breakdown or by endorsement.

. . .

### B. SPECIFIC EXCLUSIONS

#### 30. Other Exclusions

We will not pay for loss or damage caused by, resulting from, or arising out of:

**a.** Wear and tear, or change in color, texture, or finish;

**b.** Rust, corrosion, fungus, decay, or deterioration

103.     The losses alleged by Plaintiffs in the Amended Complaint fall within one or more of the policy exclusions enumerated above and Defendant has no liability to Plaintiffs.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

104.     Plaintiffs are barred from recovery, in whole or in part, to the extent that Plaintiffs failed to comply with the following policy provisions:

### PROPERTY CHOICE CONDITIONS AND DEFINITIONS

### B.  YOUR GENERAL DUTIES IN EVENT OF LOSS

1.   In event of loss or damage, you must see that the following are done:

. . .

#### e.  Inspect Property, Books

As often as may be reasonably required, permit us to:

(1) Inspect the damaged and undamaged property and take samples for testing and analysis.

. . .

17

### g.  Cooperate

Cooperate with us in the investigation or settlement of the
claim.

105.    Plaintiffs failed to comply with one or more of the policy conditions enumerated

above, and Defendant has no liability to Plaintiffs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106.    There is no coverage available to Plaintiffs pursuant to their policy's terms,

conditions, endorsements, exclusions, and limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

107.    Plaintiffs did not sustain an accidental direct physical loss to the property and,

thus, there is no coverage under the policy.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

108.    Defendant is not liable to Plaintiffs to the extent that exclusions, limitations,

warranties, terms, and conditions of Plaintiffs' insurance policy apply to bar or limit coverage.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

109.    Plaintiffs are barred from recovery, in whole or in part, by the statute of

limitations, the doctrine of laches, the doctrine of waiver, the doctrine of estoppel, and/or the

doctrine of unclean hands.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

110.    Plaintiffs are precluded from recovery, in whole or in part, due to their failure to

comply with one or more of the conditions in their policy.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

111.    Plaintiffs are barred from recovery, in whole or in part, due to their breach of one

or more of the terms and conditions of their policy.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

112.    Plaintiffs' claims are barred, in whole or in part, to the extent that interested, required, necessary, and/or indispensable parties have not been joined in this action.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

113.    Plaintiffs are precluded from recovery due to their failure to take appropriate steps to avoid and/or mitigate the alleged damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

114.    Plaintiffs' action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

115.    Plaintiffs have been paid in full for all covered losses in accordance with the terms and conditions of the policy and are not entitled to any further payments from Defendant.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

116.    Although Defendant specifically denies any liability to Plaintiffs, if liability is found to exist, such liability will be reduced, limited, and/or relieved to the extent that Defendant has previously issued certain payments to Plaintiffs in connection with the losses complained of in the Amended Complaint.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

117.    To the extent that Plaintiffs demand punitive and/or extra-contractual damages, such demand(s) fail as a matter of law against Defendant.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

118.    To the extent that Plaintiffs' Amended Complaint alleges a claim or cause of action sounding in private nuisance, such claim or cause of action fails as a matter of law against Defendant.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

119.    To the extent that Plaintiffs' Amended Complaint alleges a claim or cause of action sounding in public nuisance, such claim or cause of action fails as a matter of law against Defendant.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

120.    Although Defendant specifically denies any liability to Plaintiffs, if liability is found to exist, such liability will be reduced, limited, and/or relieved to the extent that an insurance policy exists, other than the policy issued by Defendant, which provides coverage for the losses alleged in Plaintiffs' Amended Complaint, as provided in PROPERTY CHOICE CONDITIONS AND DEFINITIONS, Section A – General Conditions, Subsection "16" of Plaintiffs' policy with Defendant.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

121.    Plaintiffs' action is barred by the policy's contractual limitations period and/or because Plaintiffs failed to satisfy the conditions precedent for bringing suit against Defendant.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

122.    Defendant specifically reserves the right to assert, at a later date, any and all affirmative defenses not asserted herein, which further investigation and discovery may prove viable against Plaintiffs.

**WHEREFORE**, Defendant THE HARTFORD INSURANCE COMPANY OF THE MIDWEST hereby demands judgment dismissing Plaintiffs' First Amended Complaint in its entirety and for such other and further relief as this court deems just and proper.

Dated:     Uniondale, New York
              January 28, 2015

                                    Respectfully submitted,
                                    RIVKIN RADLER LLP

                                    By: /s/ Brian L. Bank
                                            Michael A. Troisi (MT 2002)
                                            Brian L. Bank (BB 5995)
                                            Sean F. McAloon (SM 5592)
                                    926 RXR Plaza
                                    Uniondale, New York 11556
                                    Telephone:    (516) 357-3000
                                    Facsimile:    (516) 357-3333

                                    *Attorneys for Defendant The Hartford*
                                    *Insurance Company of the Midwest*

**To**:     Frank L. Shernoff, Esq.
           *Attorney for Plaintiffs Kerns Manufacturing Corp. and Premier Atlantic Properties, LLC*
           200 Central Park South, Ste. 28B
           New York, New York 10019
           Telephone:    (212) 837-2246

3101289 v1